JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lawrence Sparacino

## DEFENDANTS
McBee Associates, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq.,
Console Mattiacci Law
1525 Locust Street, 9th Floor, Phila. PA 19102    215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☒ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 2   U.S. Government
         Defendant

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
         Proceeding

☐ 2   Removed from
         State Court

☐ 3   Remanded from
         Appellate Court

☐ 4   Reinstated or
         Reopened

☐ 5   Transferred from
         Another District
         *(specify)*

☐ 6   Multidistrict
         Litigation -
         Transfer

☐ 8   Multidistrict
         Litigation -
         Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA")
Brief description of cause:
Plaintiff is alleging age discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
N/A   *(See instructions):*

JUDGE

DOCKET NUMBER

DATE
08/24/2017

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lawrence Sparacino | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| McBee Associates, Inc. | : | |
| Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| August 24, 2017 | _C. ng_ | Plaintiff, Lawrence Sparacino |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT                                  APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Lawrence Sparacino, Philadelphia, PA 19128

Address of Defendant: McBee Associates, Inc., 997 Old Eagle School Road, Wayne, PA 19087

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Aug. 24, 2017          _____          205900
                                   Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Aug. 24, 2017          _____          205900

Caren N. Gurmankin, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **LAWRENCE SPARACINO**<br>**Philadelphia, PA 19128** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | |
| **v.** | : | |
| | : | |
| **MCBEE ASSOCIATES, INC.**<br>**997 Old Eagle School Road**<br>**Wayne, PA 19087** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

I.    **PRELIMINARY STATEMENT**

Plaintiff, Lawrence Sparacino, brings this action against his former employer, McBee Associates, Inc. ("Defendant").  Defendant terminated Plaintiff's employment when he was sixty four (64) years old, after almost seventeen (17) years of employment, and just a few months after Plaintiff had opposed Defendant's stated practice of not hiring older employees.  Defendant's age discriminatory and retaliatory conduct violated the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").  Plaintiff seeks damages, including compensatory and liquidated damages and any other available statutory relief under federal and state law.

## II.    PARTIES

1.      Plaintiff, Lawrence Sparacino, is an individual and citizen of the Commonwealth of Pennsylvania.  He resides in Philadelphia, PA 19128.

2.      Plaintiff was sixty four (64) years of age as of the effective date of his termination from Defendant.

3.      Defendant, McBee Associates, Inc., is a corporation incorporated in Delaware with a principal place of business at 997 Old Eagle School Road, Wayne, PA 19087.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Defendant had more than twenty (20) employees.

6.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

9.      The causes of action set forth in this Complaint arise pursuant to the ADEA and the PHRA.

10.    The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

11.    The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in the District Court under 28 U.S.C. § 1391(b).

13.    On February 9, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination set forth herein.  This Charge was cross-filed with the Pennsylvania Human Rights Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

14.    On May 20, 2016, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of the acts of discrimination and retaliation set forth herein.  This Charge was cross-filed with the PHRC. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Amended Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.    On or about June 2, 2017, the EEOC issued a Notice of Right to Sue on the above-referenced Charges.  Attached hereto, incorporated herein, and marked as Exhibit "3" is a true and correct copy of the EEOC Notice of Right to Sue letter for this Charge (with minor redactions for purposes of electronic

filing of confidential/identifying information).

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff commenced employment with Defendant in or around July 1999.  He was promoted multiple times throughout his employment, including, in around January 2014, into the position that he held throughout his termination, that of Vice President of Talent and Organizational Development.

18.    Since around February 2015, Plaintiff reported directly to Martin Brutscher, Chief Executive Officer/President.

19.    As of the time that Plaintiff was notified of his termination, he oversaw multiple corporate functions, including, but not limited to:  Human Resources; Compliance; Facilities Management; Lease Management; and, Property and Casualty Insurance.

20.    At all times material hereto, Plaintiff performed his duties in a highly competent manner.  He was never disciplined regarding any performance-related issues, and he was never placed on any kind of Performance Improvement Plan. To the contrary, and by way of example only, when Defendant was undergoing due diligence regarding a majority stockholder exchange in around January 2015, Plaintiff was praised repeatedly by members of senior management regarding his performance and he was told that he would be employed with Defendant "until the doors close."  As a result of Plaintiff's consistently excellent performance, Defendant repeatedly expanded his level of responsibility within the

company.

21.     In around July 2015, a director-level employee told Plaintiff that she wanted to hire an older individual for an open position, and that she was going to make a complaint of age discrimination if she were not permitted to hire that individual.

22.     Defendant had previously instructed its management-level employees that the company was hiring too many older employees, that the same was leading to an increase in healthcare costs for Defendant, and that Plaintiff would get into trouble if anyone over the age of sixty (60) was hired.

23.     Plaintiff reported the director's comments to Brutscher.  Plaintiff also told Brutscher that Defendant needed to cease the practice of not hiring older employees, and that Defendant needed to rescind the directive that it had previously given to its management-level employees regarding the same.

24.     Brutscher told Plaintiff that he would take care of the issue.  To the best of Plaintiff's knowledge, Defendant did not hire the older employee whom the director wanted to hire.

25.     On or about December 7, 2015, Brutscher and Michael Dordick, Executive Vice President and Principal, informed Plaintiff that Defendant was eliminating his position effective February 29, 2016.

26.     Brutscher and Dordick also told Plaintiff that they were going to replace him with a significantly less experienced individual, several levels below Plaintiff, and at half his salary whom they could "mold."

27.     Plaintiff understood that Defendant was going to replace him with a

younger individual, and he complained about the same.  Defendant's only
response was that the company was "going in a different direction."

28.    Brutscher told Plaintiff that Defendant was going to announce that
Plaintiff was retiring.  Plaintiff objected to that characterization, as it was false, he
was not retiring, and had no intention or desire to retire from Defendant.

29.    As Plaintiff needed and wanted to continue working, he asked
Defendant if he could continue to work, but at a reduced schedule (four (4) days
per week instead of five (5), which would result in a reduced level of
compensation, or in a different position.  Defendant rejected Plaintiff's request,
telling him only that it needed to go in a different direction.

30.    On or about February 9, 2016, Plaintiff filed his Charge of
Discrimination with the EEOC.

31.    On or about February 13, 2016, Plaintiff was told that he needed to
leave immediately, and that his employment was being terminated effective
February 15, 2016, two (2) weeks earlier than he had been told initially.

32.    To the best of Plaintiff's knowledge, Defendant hired a substantially
younger individual from outside the company to replace him.

33.    Defendant's demographics evidenced a bias against older
employees.  By way of example:

(a)    To the best of Plaintiff's knowledge, he was the oldest
employee at Defendant, and the only one who is being terminated at this time;

(b)    Plaintiff was aware that Defendant pressured another
manager, who was in his sixties to "retire" involuntarily, in around 2015;

(c)    At around the time of Plaintiff's termination, he became aware that Defendant was attempting to manage an employee, who is in his early sixties, out of the company by documenting alleged and unsupported deficiencies regarding his performance; and,

(d)    Plaintiff is aware that Defendant has taken adverse actions against other older employees, including terminating and demoting them, and replacing them with younger individuals.

34.    Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff.

35.    Plaintiff's complaint of discriminatory conduct was a motivating and/or determinative factor in connection with Defendant's retaliatory conduct to which Plaintiff was subjected, including Defendant's termination of Plaintiff's employment.

36.    The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

37.    As a direct and proximate result of Defendant's unlawful, improper and discriminatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

38.    The conduct of Defendant, as set forth above, was willful, intentional, and outrageous under the circumstances, and warrants the

imposition of liquidated damages.

## COUNT I - ADEA

39.     Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

41.     Defendant's violations were willful under the circumstances and warrant the imposition of liquidated damages.

42.     As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has sustained the injuries, damages and losses set forth herein, and has incurred attorney's fees and costs.

43.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

44.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

45.     Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as if fully set forth in their entirety.

46.     Defendant, by the above-described discriminatory and retaliatory acts, has violated the PHRA.

47.     Said violations were intentional and willful.

48.     As a direct and proximate result of Defendant's violations of the

8

PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein, and has incurred attorney's fees and costs.

49.    Plaintiff is now suffering, and will continue to suffer, irreparable harm and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

50.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendant:

(a)    declaring the acts and practices complained of herein to be a violation of the ADEA;

(b)    declaring the acts and practices complained of herein to be a violation of the PHRA;

(c)    enjoining and restraining permanently the violations alleged herein;

(d)    entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)    awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and retaliatory conduct;

(f)    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain

and suffering, which Plaintiff has suffered or may suffer as a result of Defendant's discriminatory and retaliatory conduct;

(g)    awarding liquidated damages to Plaintiff under the ADEA;

(h)    awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

(i)    awarding Plaintiff such other damages as are appropriate pursuant to the ADEA and the PHRA; and,

(j)    granting such other and further relief as this Court deems appropriate.

CONSOLE MATTIACCI LAW

Dated: August 24, 2017          BY:    _____

Stephen G. Console, Esquire
Caren N. Gurmankin, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
215-545-7676

Attorneys for Plaintiff,
Lawrence Sparacino

10

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X   EEOC | |

| STATE OR LOCAL AGENCY:  PHRC | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Lawrence J. Sparacino | HOME TELEPHONE NUMBER *(Include Area Code)*<br>■■■■■ |
|---|---|

| STREET ADDRESS<br>■■■■■ | CITY, STATE AND ZIP<br>Philadelphia, PA 19128 | DATE OF BIRTH<br>■■■■■ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>McBee Associates, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(610) 964-9680 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP | COUNTY |
|---|---|---|
| **Charging Party's Work Location**<br>997 Old Eagle School Road | Wayne, PA 19087 | Delaware |
| **Corporate Headquarters**<br>997 Old Eagle School Road | Wayne, PA 19087 | Delaware |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   QColor   QSex    QReligion    QNational Origin<br>Q Retaliation   **X** Age   **X** Disability   QOther *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*            *Latest*<br><br>**X** Continuing violation |
|---|---|

**The Particulars Are:**

A.     1.       Relevant Work History

I was hired by Respondent in or around July 1999.  I have been promoted multiple times during my employment, including into the position of Vice President of Talent and Organizational Development in around January 2014.  Since in or around February 2015, I have reported directly to Martin Brutscher, Chief Executive Officer/President.

I have consistently demonstrated excellent performance and dedication to Respondent.  My responsibilities have steadily increased so that I oversee eleven (11) corporate functions, including, but not limited to, Human Resources; Marketing; Compliance; Corporate Training; Facilities Management; Lease Management; and, Property and Casualty Insurance.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*2/8/16*  *Lawrence J. Sparacino*<br>Date:              Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

## EEOC Charge of Discrimination
## Page 2 of 3

2.    **Harm Summary**

    a.   I believe that Respondent has discriminated against me because of my age.  Evidence of Respondent's age discriminatory conduct includes, but is not limited to, the following:

        (1)   On or about December 7, 2015, Mr. Brutscher and Michael Dordick, Senior Vice President – Principal, called me and said that Respondent was eliminating my position effective February 29, 2016;

        (2)   In that same conversation in which Respondent told me that my position was being eliminated, Mr. Brutscher and Mr. Dordick told me that Respondent was going to replace me with a significantly less experienced individual, several levels below me, and at half my salary whom they could "mold";

        (3)   I understood that Respondent wanted to replace me with someone younger, and I complained about the same.  The only response from Mr. Brutscher and Mr. Dordick was that Respondent was just "going in a different direction";

        (4)   Mr. Brutscher then told me that Respondent was going to convey to the rest of the company that I was retiring.  I objected to that characterization, as I was not retiring, and had no intention or desire to retire from Respondent;

        (5)   In order to maintain my employment with Respondent in any capacity, as I needed and wanted to continue working, I subsequently asked Respondent if I could take a lower level position at a reduced level of compensation.  Respondent rejected my request, and failed to provide me with a reason for the same, other than saying, again, that "we need to go in a different direction";

        (6)   Respondent's conduct and demographics also evidence a bias against older employees.  Evidence of this includes, but is not limited to, the following:

            (a)   Respondent previously told me that the company was hiring too many older employees, that the same was leading to an increase in healthcare costs, and that I would get into trouble if anyone over the age of sixty (60) was hired;

            (b)   To the best of my knowledge, I am the oldest employee at Respondent, and the only one who is being terminated at this time;

            (c)   I am aware that Respondent compelled another manager, who was in his sixties and who, to the best of my knowledge, had no intention or desire of leaving, to retire involuntarily, in around 2015;

            (d)   I am aware that Respondent is currently attempting to manage an employee, who is in his early sixties, out of the company by documenting alleged and unsupported deficiencies regarding his performance.

**EEOC Charge of Discrimination**
**Page 3 of 3**

    b.   I believe that Respondent has discriminated against me because of my "disability" (includes perceived as being disabled and a history of being disabled). Evidence of the same includes, but is not limited to, the following:

        (1)   On or about December 17, 2015, I became injured at work, resulting in an approximately three (3) week absence for treatment and recovery regarding the same;

        (2)   I filed a Workers' Compensation claim regarding my injury on or about January 13, 2016;

        (3)   Mr. Brutscher unjustly and harshly criticized me for taking action to correct and remedy the defect at Respondent's work location which caused my work-related injury, despite the fact that facilities management fell under my job function, and I had handled similar issues the same way previously;

        (4)   Mr. Brutscher subsequent informed me, without basis and contrary to customary practice, that I am not to engage in any conversations about my medical condition, including with Respondent's Workers' Compensation Claim Representative and Respondent's insurance broker, without him being present;

        (5)   When I was on medical leave recovering from, and receiving treatment for, my medical condition resulting from my injury at work, Mr. Brutscher contacted me and instructed me to come in to work to get Respondent's December 23, 2015 letter regarding the "elimination" of my position; and,

        (6)   When I am out of work due to continuing treatment of my medical condition, Mr. Brutscher continues to contact me regarding work-related issues, and criticizes me regarding my absence from work.

B.   1.   **Respondent's Stated Reasons**

    a)  Respondent has not offered a legitimate, non-discriminatory explanation for terminating my employment; and,

    b)  Respondent has not offered a legitimate, non-discriminatory explanation for subjecting me to a hostile work environment;

C.   1.   **Statutes and Basis for Allegations**

    I believe that Respondent has discriminated against me based on my age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and my "disabilities" in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the PHRA, as set forth herein.

D.   1.   **Class Harm**

    I bring this charge on my behalf and as a class and pattern and practice charge on behalf of any and all older current or former employees who have been adversely affected by Respondent's discriminatory practices in connection with its employment decisions, including hiring, terminations, or forced retirement.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Lawrence J. Sparacino v. McBee Associates, Inc.**

EEOC No. _____

   You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

   Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

   If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

   Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

   If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

   _X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to
PHRC.

   _X___  *I understand that false statements in this complaint are made subject to the penalties of 18
Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                    X _Lawrence J. Sparacino_  2/8/16
                         Signature and Date

_____   I do not want my charge dual filed with PHRC

                         _____
                         Signature and Date

# EXHIBIT 2

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|

| STATE OR LOCAL AGENCY:  PHRC | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Lawrence J. Sparacino | HOME TELEPHONE NUMBER *(Include Area Code)*<br>███████ |
|---|---|

| STREET ADDRESS<br>█████ | CITY, STATE AND ZIP<br>Philadelphia, PA 19128 | DATE OF BIRTH<br>█████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>McBee Associates, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(610) 964-9680 |
|---|---|---|

| STREET ADDRESS<br><br>**Charging Party's Work Location**<br>997 Old Eagle School Road<br><br>**Corporate Headquarters**<br>997 Old Eagle School Road | CITY, STATE AND ZIP<br><br><br>Wayne, PA 19087<br><br><br>Wayne, PA 19087 | COUNTY<br><br><br>Delaware<br><br><br>Delaware |
|---|---|---|

RECEIVED MAY 2016 EEOC - Philadelphia District Office

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race  QColor  QSex  QReligion  QNational Origin<br>  X Retaliation  X Age  X Disability  QOther *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*       *Latest* 02/16/2016 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent in or around July 1999. I was promoted multiple times during my employment, including into the position of Vice President of Talent and Organizational Development in around January 2014. Since in or around February 2015, I reported directly to Martin Brutscher, Chief Executiver Officer/President.

I have consistently demonstrated excellent performance and dedication to Respondent. My responsibilities have steadily increased so that I oversaw eleven (11) corporate functions, including, but not limited to, Human Resources; Marketing; Compliance; Corporate Training; Facilities Management; Lease Management; and, Property and Casualty Insurance.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>5/20/2016  *Lawrence J. Sparacino*<br>Date:      Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 4**

2.    Harm Summary

    a.    I believe that Respondent has discriminated against me because of my age and retaliated against me based on my complaints about the same. Evidence of Respondent's age discriminatory and retaliatory conduct includes, but is not limited to, the following:

        (1)    In or around July 2015, a director-level employee told me that she wanted to hire an older individual for an open position. Respondent previously told me that the company was hiring too many older employees, that the same was leading to an increase in healthcare costs, and that I would get into trouble if anyone over the age of sixty (60) was hired. To my knowledge, Respondent's senior-level management were aware of this practice and enforced the same;

        (2)    When I told the director-level employee of Respondent's directive, she told me that she was aware of Respondent's discriminatory practice and threatened that she was going to make a complaint of age discrimination if she were not permitted to hire a candidate who was over the age of sixty (60), as she wanted to do;

        (3)    I reported the director's comments Mr. Brutscher. I also told Mr. Brutscher that Respondent needed to stop the directive/practice of not hiring older employees;

        (4)    Mr. Brutscher told me that he would take care of the issue. To the best of my knowledge, Respondent did not hire the older employee whom the director wanted to hire;

        (5)    On or about December 7, 2015, Mr. Brutscher and Michael Dordick, Senior Vice President – Principal, called me and said that Respondent was eliminating my position effective February 29, 2016;

        (6)    In that same conversation in which Respondent told me that my position was being eliminated, Mr. Brutscher and Mr. Dordick told me that Respondent was going to replace me with a significantly less experienced individual, several levels below me, and at half my salary whom they could "mold";

        (7)    I understood that Respondent wanted to replace me with someone younger, and I complained about the same. The only response from Mr. Brutscher and Mr. Dordick was that Respondent was just "going in a different direction";

        (8)    Mr. Brutscher then told me that Respondent was going to convey to the rest of the company that I was retiring. I objected to that characterization, as I was not retiring, and had no intention or desire to retire from Respondent;

        (9)    In order to maintain my employment with Respondent in any capacity, as I needed and wanted to continue working, I subsequently asked Respondent if I could take a lower level position at a reduced level of compensation. Respondent rejected my request, and failed to provide me with a reason for the same, other than saying, again, that "we need to go in a different direction";

        (10)    On or about February 16, 2016, Respondent told me that that day would be my last working with the company and that I would be paid through February 29, 2016;

**EEOC Charge of Discrimination**
**Page 3 of 4**

(11)    Respondent's conduct and demographics also evidence a bias against older employees. Additional evidence of this, other than that set forth above, includes, but is not limited to, the following:

    (a)    To the best of my knowledge, I was the oldest employee at Respondent, and the only one who was terminated at this time;

    (b)    I am aware that Respondent compelled another manager, who was in his sixties and who, to the best of my knowledge, had no intention or desire of leaving, to retire involuntarily, in around 2015;

    (c)    I am aware that Respondent is currently attempting to manage an employee, who is in his early sixties, out of the company by documenting alleged and unsupported deficiencies regarding his performance; and,

    (d)    Members of Respondent's senior-level management made age-biased comments, including that Respondent needed to portray itself as a "young company"; asking me whether I was going to be "retiring soon"; and, when I injured myself at work, as set forth below, saying, "well, you're not fifty (50) anymore";

    (e)    Upon information and belief, Respondent hired a substantially younger employee to take over my job responsibilities.

b.    I believe that Respondent has discriminated against me because of my "disability" (includes perceived as being disabled and a history of being disabled). Evidence of the same includes, but is not limited to, the following:

(1)    On or about December 17, 2015, I became injured at work, resulting in an approximately three (3) week absence for treatment and recovery regarding the same;

(2)    I filed a Workers' Compensation claim regarding my injury on or about January 13, 2016;

(3)    Mr. Brutscher unjustly and harshly criticized me for taking action to correct and remedy the defect at Respondent's work location which caused my work-related injury, despite the fact that facilities management fell under my job function, and I had handled similar issues the same way previously;

(4)    Mr. Brutscher subsequent informed me, without basis and contrary to customary practice, that I am not to engage in any conversations about my medical condition, including with Respondent's Workers' Compensation Claim Representative and Respondent's insurance broker, without him being present;

(5)    When I was on medical leave recovering from, and receiving treatment for, my medical condition resulting from my injury at work, Mr. Brutscher contacted me and instructed me to come in to work to get Respondent's December 23, 2015 letter regarding the "elimination" of my position; and,

(6)    When I was out of work due to continuing treatment of my medical condition, Mr. Brutscher continued to contact me regarding work-related issues, and criticizes me regarding my absence from work.

**EEOC Charge of Discrimination**
**Page 4 of 4**

B.    1.    Respondent's Stated Reasons

    a) Respondent has not offered a legitimate, non-discriminatory explanation for terminating my employment; and,

    b) Respondent has not offered a legitimate, non-discriminatory explanation for subjecting me to a hostile work environment;

C.    1.    Statutes and Basis for Allegations

I believe that Respondent discriminated against me based on my age, and retaliated against me based on my opposition to Respondent's discriminatory practices, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and my "disabilities" in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the PHRA, as set forth herein.

D.    1.    Class Harm

I bring this charge on my behalf and as a class and pattern and practice charge on behalf of any and all older current or former employees who have been adversely affected by Respondent's discriminatory practices in connection with its employment decisions, including hiring, terminations, or forced retirement.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Lawrence J. Sparacino v. McBee Associates, Inc.**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

 X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X    *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X *Lawrence J. Sparacino* 5/20/2016
Signature and Date

_____   I do not want my charge dual filed with PHRC

_____

Signature and Date

# EXHIBIT 3

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Lawrence Sparacino<br><br>Philadelphia, PA 19128 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-01478 | Jane Suk,<br>Investigator | (404) 562-6827 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

JUN 0 2 2017
*(Date Mailed)*

cc: Joseph J. Centeno, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102

Caren Gurmankin, Esq.
CONSOLE LAW OFFICES, LLC
1525 Locust St.
Philadelphia, PA 19102